IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISON

| | | |
|---|---|---|
| LASALLE JOE PERRIN, | ) | CASE NO.1:20cv2235 |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| v. | ) | |
| | ) | |
| | ) | MEMORANDUM OPINION AND |
| COMMISSIONER OF SOCIAL | ) | ORDER |
| SECURITY. | ) | |
| | ) | |
| Defendant, | | |

**Introduction**

Before me[1] is an action under 42 U.S.C. §§405(g) and 1383(c)(3) by Lasalle Joe Perrin seeking judicial review of the 2019 decision of the Commissioner of Social Security that denied Perrin's 2018 application for disability insurance benefits and supplemental security income.[2] The Commissioner has filed the certified transcript of the administrative

---

[1] The parties have consented to my exercise of jurisdiction and the matter was transferred to me by United States District Judge Pamela A. Barker in a non-document order entered on May 7, 2021.
[2] ECF No. 1.

proceedings.[3] Pursuant to my initial[4] and procedural[5] orders, the parties have briefed their positions[6] and filed supplemental fact sheets and charts.[7] The parties have met and conferred with the objective of reducing and/or clarifying the issues.[8] They have participated in a telephonic oral argument.[9]

For the following reasons, the decision of the Commissioner will be affirmed.

**Facts**

Perrin, who was 43 years old at the time of the alleged disability onset date,[10] completed high school and had worked as a forklift driver and motor vehicle assembler.[11] He testified at the hearing that he experienced difficulties with concentration,[12] which has caused him to stop driving.[13] He also stated that he experiences crying spells and difficulty socializing.[14] He related that he was traumatized from having seen multiple coworkers become severely injured or die.[15]

---

[3] ECF No. 12. Under Local Rule 16.3.1(d) the filing of a certified copy of the transcript is sufficient to constitute the Commissioner's answer.
[4] ECF No. 6.
[5] ECF No. 13.
[6] ECF Nos. 17 (Perrin), 20 (Commissioner), 21 (Perrin reply).
[7] ECF Nos. 18 (Perrin), 20, Attachment (Commissioner).
[8] ECF No. 22.
[9] ECF No. 25.
[10] Tr. at 23.
[11] *Id.* at 22.
[12] *Id.* at 37.
[13] *Id.* at 46.
[14] *Id.* at 44-45.
[15] *Id.* at 41-42.

The ALJ found that Perrin had the following severe impairments: generalized anxiety disorder with post-traumatic stress, major depressive disorder, and degenerative changes of the left knee and thoracic spine.[16] He further found that Perrin did not have an impairment or combination of impairments that met or medically equaled a listing.[17] To that point, the ALJ specifically considered Listings 1.02 (major dysfunction of a joint), 1.04 (disorders of the spine) and 12.06 (anxiety related disorders) and 12.15 (trauma and stressor related disorders).[18]

As regards Listing 12.06 and 12.15, the ALJ found that Perrin has only moderate limitations in the four broad areas of functioning set out the paragraph B criteria.[19] To those issues, the ALJ noted that: (1) there were no treatment records for memory issues; (2) Perrin was able to fill out his paperwork for food stamps; (3) he was able to go to court for a housing matter; (4) he is engaged to a fiancée who has stayed with him; (5) his psychologist, Dr. Nicely, found Perrin's attention level was average to normal and that Perrin was capable of managing his own benefits; and (5) despite claims of suicidal thoughts, Perrin did not seek emergency room treatment after telling his provider that he would.[20] As to paragraph C, the ALJ found that after treatment for his mental impairments, Perrin "was able to live independently."[21]

---

[16] *Id.* at 14.
[17] *Id.*
[18] *Id.* at 14-15.
[19] *Id.* at 15. Both Listing 12.06 and 12.15 have the same criteria in paragraph B. *Mooradian v. Comm'r*, 2020 WL 5793094, at *3 (W.D. Mich, Sept. 29, 2020).
[20] Tr. at 15, citing record.
[21] *Id.* at 16.

The ALJ then concluded that Perrin has an RFC for light work with certain additional physical and mental limitations.[22] In making this finding, the ALJ considered treatment records from 2017 to 2019,[23] as well as opinion evidence from state agency reviewing physicians,[24] a consultative examining physician,[25] state agency reviewing psychologists,[26] and Perrin's treating psychologist, Dr. Barbara Nicely, Ph.D.[27] In addition, the ALJ considered letters from two previous mental health providers.[28]

After finding that Perrin could not perform any past relevant work, the ALJ, with the assistance of testimony from a VE, determined that Perrin, under the restrictions of the RFC, could perform the requirements of the occupations of: (1) inspector and hand packager (2) assembler of plastic hospital products; and (3) assembler of electrical accessories.[29] The ALJ then further found that jobs in all these areas exist in significant number in the national economy.[30]

Accordingly, Perrin was found not disabled.[31]

**Analysis**

---

[22] *Id*.
[23] *Id*. at 17-19.
[24] *Id*. at 20.
[25] *Id*.
[26] *Id*. at 21.
[27] *Id*. at 21-22.
[28] *Id*. at 22.
[29] *Id*. at 23-24.
[30] *Id*. at 24.
[31] *Id*.

This matter is adjudicated under the well-known substantial evidence standard which need not be restated here. Moreover, the opinion evidence is considered under the newer rubric which addresses its persuasiveness. That rule also is now well-known and need not be restated.

Perrin raises a single issue for judicial review: Was the ALJ's treatment of the opinion of Dr. Nicely properly done and supported by substantial evidence.[32]

The ALJ here found Dr. Nicely's May 2018 mental health assessment unpersuasive.[33] In coming to that conclusion, the ALJ, in a half-page discussion, initially noted, *inter alia*, that Dr. Nicely found Perrin had marked limitations in his ability to follow one or two-step oral instructions or sustain ordinary, routine and regular work attendance, and that he had an extreme limitation in his ability to work at an appropriate and consistent pace or complete tasks in a timely manner.[34] But, the ALJ continued, those limitations are not supported by findings from Dr. Nicely's mental status examinations that showed "appropriate or normal affect, normal mood, normal behavior, fair to normal judgment, normal thought content, good or normal grooming, good eye contact, being alert or oriented, having a thought process that was normal and/or logical, linear, and goal-directed, fair to normal insight, average/normal level of attention, and no memory difficulties."[35]

---

[32] ECF No. 17 at 9.
[33] Tr. at 21.
[34] *Id*.
[35] *Id*.

Nicely maintains that the ALJ relies here on "benign mental findings while disregarding the probative findings in the same treatment notes."[36] To that point, he contends that the references to grooming, eye contact and thought content are "stock phrases" that do not address things like Perrin's suicidal ideation and depression at a level of 10/10.[37] He points out that if Dr. Nicely's opinion that he has an "extreme" limitation in his ability to work at an appropriate and consistent pace were adopted, he would meet the Listings 12.06 and 12.15.[38]

The Commissioner, for his part, notes first that courts have found that it is proper to discount the persuasiveness of an opinion as to mental functioning by showing that its conclusions were at variance with the physician's own notes showing normal eye contact, concentration, attention and focus.[39] She also contends that Dr. Nicely's assertion that Perrin has disabling psychiatric symptoms is at variance with a 2019 report from Dr. Ford, who re-examined Perrin and reviewed the records from Dr. Nicely,[40] and noted that Perrin's symptoms had purportedly improved after being treated with medication for his depression and anxiety.[41] Further, the Commissioner contends that Dr. Nicely does not cite any medical or clinical basis for Perrin's mental health issues, but impermissibly relies on

---

[36] ECF No. 17 at 10.
[37] Id. at 11.
[38] Id. at 12-13. He also argues, in this regard, that collectively Dr. Nicely's opinion would assign him two marked limitations in the four areas of functioning; this would also be enough to meet the listings. Id.
[39] ECF No. 20 at 7, citing *Leeman v. Comm'r*, 449 Fed. Appx. 496, 497 (6th Cir. 2011).
[40] Tr. at 484-85.
[41] ECF No. 20 at 7.

Perrin's subjective complaints.[42]Finally, the Commissioner asserts that the ALJ properly relied on the opinions of the state agency reviewers, who also did not find that Perrin had impairments that met the severity level required to meet a listing.[43]

I find that, although this is closer question than the Commissioner admits, that there is no error in finding Dr. Nicely's opinion to be unpersuasive. What is potentially troubling is that, unlike the *Leeman* case cited by the Commissioner, none of the supposedly inconsistent treatment notes here went to issues of concentration, persistence or pace. It may be true that a claimant has good eye contact and linear thinking, but those facts of themselves do not necessarily address or contradict an opinion that the claimant's depression or anxiety would prevent him from consistently working productively for a full workday.[44]

In addition, while the Commissioner contends that Dr. Ford reported that Perrin's symptoms "improved" with Prozac,[45] a review of Dr. Ford's notes show that he stated that "[Perrin] has not been on an antidepressant recently, but was previously on fluoxetine and feels that it helped him."[46]This is simply a reporting of Perrin's subjective feelings from an unidentified time in the past. No attempt is made by Dr. Ford to quantify that comment. As such, given the Commissioner's argument that Dr. Nicely inappropriately relied on

---

[42] *Id*. at 8.
[43] *Id*. at 9.
[44] In *Leeman*, the treating source's notes, unlike here, specifically found that the claimant had "good concentration, attention and focus." 449 Fed. Appx. at 497.
[45] ECF No. 20 at 7.
[46] Tr. at 484.

Perrin's subjective complaints,[47] it cannot also be true that the ALJ's finding that Dr. Nicely's opinion is unpersuasive should be supported here by a different instance of Perrin making another purely subjective comment.

That said, the state agency psychological reviewer's June 2018 opinion explicitly considered Dr. Nicely's May 2018 opinion[48] and the August 2018 state agency reviewer's opinion addressed updated treatment records from Dr. Nicely.[49] Their conclusions were that Dr. Nicely imposed more limitations than were warranted by the evidence and that the updated records did not support a worsening of Perrin's functional limitations. It is well-settled that the opinions of state agency reviewers are substantial evidence that can be relied upon by the ALJ.[50]

## Conclusion

For the reasons stated, the decision of the Commissioner is affirmed.

For the reasons stated, the decision of the Commissioner is affirmed.

IT IS SO ORDERED.

Dated: March 28, 2022

Signed by:
 s/William H. Baughman Jr.
United States Magistrate Judge

---

[47] ECF No. 20 at 8, citing cases.
[48] Tr. at 93-96, 99-101.
[49] *Id*. at 129-31, 135-37.
[50] *Avers v. Kijakazi*, 2021 WL 4291228, at *7 (N.D. Ohio Sept. 21, 2021) (collecting cases).